UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREGORY MULHOLLAND,                                              09 CV-6329 (AKH)(HP)

                              Plaintiff,

           - against -                                          **NYC'S REVISED CHARGE
                                                                REQUESTS and VERDICT
THE CITY OF NEW YORK,                                           SHEET**

                              Defendant.
------------------------------------------------------------X

<u>REVISED CHARGE REQUESTS</u>

Defendant, the City of New York, request the court to instruct the jury at the close of the

evidence as follows:

Plaintiff Gregory Mulholland brings an action against Defendant, the City of New York,

under the Jones Act.  The Jones Act provides in substance that every employer whose employees

are members of the crew of a vessel in navigation shall be liable for damages for injuries to its

employees resulting in whole or in part on the negligence of any of the officers, agents, or

employees or from any defect or deficiency in the vessel due to its negligence, its crew, or its

equipment.

Before you find that the City might be liable to the Plaintiff under that statute.  You must

find by a preponderance of the evidence:

First, that the Plaintiff Gregory Mulholland was a member of the crew of the Rosemary

Miller despite the facts that it was not owned by the City of New York and that its captain and

deckhand were not NYC employees, and that he was acting the course of his employment as I

will define those terms;

Second, that the City of New York was Mr. Mulholland's employer at the time;

Third, that the City of New York or one of its officers, employees, or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight bringing about the injury alleged by the Plaintiff.

Only then do you reach the question of damages that I will discuss later.

Regarding the first element, seaman's status, you may find that the Plaintiff was a seaman if and only if you find by a preponderance of the evidence:

First, that the Plaintiff had a connection to the Rosemary Miller in navigation or an identifiable group of such vessels under the ownership of Miller Launches, that was substantial in terms of both its duration and its nature; and

Second that the Plaintiff's duties contributed to the function of the Rosemary Miller or to the accomplishment of the mission of the Rosemary Miller.

In making the determination whether the Plaintiff was a seaman, you should consider that the purpose of the Jones Act is to protect sea-based maritime workers, who owe their allegiance to a vessel, in this case the Rosemary Miller, and not land-based employees, who do not.  The question you are being asked to decide is whether the Plaintiff was a member of the Rosemary Miller's crew or simply a land-based employee who happened to be working on the vessel at the time he was injured.  The two-part test I just described to you is intended to help you make that decision.

I will now define some of these terms for you.

What is a vessel in navigation?

First I will define "vessel", then I will define "in navigation".  The term vessel has been broadly defined to include any structure used or capable of being used for transport by water.

This of course includes ships and barges while it may also include other structures such as offshore oil drilling platforms and dredges it does not include piers or bridges.

What is meant by "in navigation"?

It is something more than merely floating on water.  In the simplest case, a vessel is "in navigation" if it is used as a means of transportation of goods, equipment or people by water. However, this does not require that the vessel was being used as a means of transportation at the time of the accident.  If the vessel is attached at a dock or anchored, or if it was receiving minor or routine repairs the vessel may still be in navigation.  Nor does it matter if the vessel is used infrequently in navigation or if it only travels and short distance.  On the other hand, if the vessel is tied up to land permanently, for example, a dry dock which floats in the water but is no more than workstation attached to the land, or has been disabled or is being repaired to the extent that its navigation with capacity is removed, then the vessel is not in navigation.

Remember, this does not require that the vessel be in motion at the time of the accident. Rather you should focus on whether it generally performs its functions as a vessel.

As I stated, in order to find that Plaintiff was a seaman, you must find by a preponderance of the evidence that his connection to the vessel was substantial in terms of both its duration and its nature.  This means that you should consider both the amount of time that the Plaintiff spent on board the vessel and the type of work that he was performing while on board.  With respect to the amount of time Plaintiff spent on board the vessel, a maritime worker who spends only a small fraction of his working time on board is generally regarded as land-based, and a not a member of the vessel's crew.  With respect to the nature of the Plaintiff's work on board, the Plaintiff must perform the work of the vessel.  However, a person need not be involved in

transportation-related functions that directly aid in the navigation of a vessel in order to qualify as a seaman.

The second element requires that Plaintiff be an employee of the Defendant. Here, there is no question that Mr. Mulholland was an employee of Defendant, the City of New York.

If you find by a preponderance of the evidence that the Plaintiff was an employee, this element also requires that the Plaintiff was acting in the course of his employment at the time of the injury.

The third element is whether the Defendant or its officers, employees, or agents were negligent.

The fact that Plaintiff was injured during his employment does not automatically entitle him to recover from his employer. Plaintiff can only recover from the Defendant if negligence and the other elements I will describe are established by a preponderance of the evidence. The Defendant is not an insurer of the Plaintiff's safety.

What is negligence? Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.

This definition of negligence requires that the Defendant guard against the risks or dangers of which it knew or by the exercise of due care should have known. In other words, the Defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

How do you determine whether the Defendant knew or, through the exercise of reasonable care, should have known of a particular risk or danger? First you may consider any

evidence presented concerning the actual knowledge of the Defendant or its employees or agents. Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the employer or its employees or other agents, for example, through the employee's statements, complaints or protests, that a particular condition or assignment was dangerous.

Third you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the Defendant's attention or otherwise would have known of the condition.

If you will find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints, or protests or reasonable inspection and you find that the Defendant failed to take such reasonable precautions then you may find that the Defendant was negligent.

The degree of care required by the reasonable care standard varies with the level of risk and the particular situation.  The greater the risk of harm the greater of the required level of care.

Thus, the Jones Act imposes on the Defendant a duty only to exercise reasonable care to provide the Plaintiff with a reasonably safe place in which to work, reasonably safe conditions in which to work and reasonably safe tools and equipment.

The employer's duty to provide a safe place to work may not be delegated to a third party.  Thus, the employer has a duty to provide a safe place to work even when the employee's duties require him to handle property or equipment use while controlled by a third party.

Similarly, you may find the Defendant negligent if you find that it instructed its employees to perform tasks either with a number of employees or procedure or method which,

prior to Mr. Mulholland's July 2, 2009  incident, it knew in the exercise of reasonable care or should have known would result in injuries.

To summarize, if you find by a preponderance of the evidence that the Defendant failed to exercise reasonable care to provide Plaintiff with a reasonably safe place to work, reasonably safe conditions and equipment or failed in any other way to exercise reasonable care under the circumstances you may find that the Defendant was negligent.

You have reached the fourth element only if you have found by a preponderance of the evidence that the Plaintiff was a member of the crew of the vessel, a seaman, acting in the course of his employment, that the Defendant was Plaintiff's employer and the Defendant or its employees or agents was negligent.

The fourth element is whether an injury to the Plaintiff resulted in all or part from the negligence of the Defendant or its employees or agents.  In other words did such negligence play any part, even the slightest in bringing about an injury to the Plaintiff?

However, it is important to remember that there can more than one cause of any injury. The involvement of any other cause does not prevent a finding for the Plaintiff, as long as you find that the employer's negligence played any part no matter how slight in causing an injury to the Plaintiff.

I have already explained that you may find the Defendant liable to the Plaintiff if it negligently failed to provide Plaintiff with a safe place to work or is otherwise negligent, and if such negligence played a part, even the slightest in causing Plaintiff's injuries.  In this case, the Defendant has contended that Plaintiff's injuries were due to Plaintiff's own negligence.  This is referred to as contributory negligence.  However, even if you find that the Plaintiff was negligent under the standards that I will describe in a moment that does not prevent Plaintiff from

recovering damages if you find that the Defendant's negligence also played a part in causing Plaintiff's injuries. Rather, it would result in a reduction of Plaintiff's damages in proportion to the amount of negligence attributable to Plaintiff as I will explain in details shortly.

A seaman is held to the same standard of ordinary care which I have already described thus to sustain its claim that the Plaintiff was contributorily negligent, the Plaintiff must prove by a preponderance of the evidence that the Plaintiff failed to exercise ordinary care, and that such failure played a part in bringing about his injuries.

In considering the question of Plaintiff's contributory negligence, if any, account must be made for the general position of seaman. In generally speaking, it is the duty of the seaman to do the work assigned; it is not his duty to find the safest method of doing it, or to devise a safer method.

Thus, Plaintiff cannot be found contributorily negligent based solely on his knowledge or acceptance of a dangerous situation or based on the fact that he was working at a dangerous job. Rather, you may find the Plaintiff contributorily negligent only if Defendant has proved by the preponderance of the evidence that Plaintiff did not exercise ordinary care for his own protection, such as by failing to use an available safe alternative, of which he knew or should have known. But remember, the mere fact that the Plaintiff continued working in spite of a dangerous situation does not constitute contributory negligence and cannot prevent or reduce his recovery.

However in this regard, and the relation to my instruction given to you about causation, the Defendant contends that the injury claimed by the Plaintiff namely herniated discs in his lower spine and his spine in his neck were not caused by this accident. It is further contended by

the Defendant that the Plaintiff knew of such condition and was obligated to inform the Defendant of this.

In addition the Defendant argues that no reasonably prudent employer would conclude that any problem with the chain fall involved in the incident in question could foreseeably cause injury to Plaintiff's spine.  There is no dispute that plaintiff had had long standing back and neck problems for which he had received professional medical and chiropractic treatment for years prior to the event of July 2,2009. It not disputed that Plaintiff had never brought his back problems and neck problems to the attention of the Defendant prior to July 2, 2009 the date of the alleged occurrence.

(The Estate of Larkins v. Farrell Lines, 806 F.2d 510.)

If you find that the Defendant had no reason to believe that the Plaintiff was suffering from one or more spinal conditions and that Plaintiff failed to give notice to the Defendant of said conditions, you must reduce the Plaintiff's recovery in a percentage to be determined by you to which that failure to advise the Defendant contributed to Plaintiff's injuries.

Now, assuming that you find a preponderance of the evidence that the Defendant was negligent and its negligence played a part in causing Plaintiff's injuries; and assuming that you find by a preponderance of the evidence that Plaintiff was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which Plaintiff's negligence, if any, contributed to his injury.  You will report this percentage on the special burden form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find his negligence contributed to his own injuries.  As I will remind you when I discussed damages in

detail, if you reach the issue of the damages, you should address the question of damages as a separate matter from the issue of contributory negligence.

The Defendant alleges that Plaintiff was contributorily negligent and that Defendant's damages, if any should be reduced to the extent that its own negligence contributed to his injury. This question is governed by the same rules which I previously described.  Please keep in mind that the Defendant's contentions concerning the Plaintiff's pre-existing spinal conditions apply in terms of reducing the Defendant's liability because of the Plaintiff's contributory negligence.

You reach the issue of damages only if you find that the Plaintiff has established the first four elements, as I have explained them, by a preponderance of the evidence.

The fact that I charge you on the issue of damages does not mean that Plaintiff is entitled to prevail, that is for you to decide.  I instruct you on the subject only in the event you decide that Plaintiff has sustained his burden of proof as to the first four elements.

The purpose of the Jones Act is to compensate an injured party for the damages sustained as a result of another's negligent conduct.

Your award must be fair and just.

It should neither be excessive nor inadequate; it should be reasonable.

Under the Jones Act, the Plaintiff, if he has sustained his burden of proof, may recover:

1.      Loss of earnings from the time of the accident to the present, and in the future;

2.      Pain, suffering, and mental anguish, including the affect of his injury on the normal pursuits and pleasures of life, experience from the date of the accident to the present; and

3.      Pain, suffering, and mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of this injury.

The Plaintiff may also recover out of his pocket expenses such as medical bills. However the parties have stipulated that all his medical bills have been paid by the Defendant.

There are two categories of lost earnings: Past loss earnings, that is, from the date of injury to trial; and future lost earnings, that is, from the date of trial into the future.

Regarding past lost earnings, there has been evidence that the Plaintiff has not worked since the date of his injury, and that his usual compensation between that time and now would have been _____.

In considering lost future earnings, it is assumed that if the injured party had not been disabled he would have continued to work and to receive wages for some period of time. The purpose of this element of damages is to compensate the worker for the loss of that income. To determine the award for this element, if any, you must determine how many additional years the Plaintiff would have worked, as well as what his annual compensation would have been during each future year.

Regarding the number of years which the Plaintiff would have worked, you have heard testimony from Plaintiff's expert and Defendant's expert in life expectancy and work life expectancy tables have been admitted into evidence. It is for you determine based on all this evidence, how many additional years the Plaintiff would have worked. Regarding the annual compensation which Plaintiffs would have received in each future year you must address several items, based on the evidence presented at this trial. First you must determine the amount of wages that would have been received in each year. Since the award if any is not subject to taxes this amount could be an after-tax amount. In determining the amount of such wages, you may start with the worker's annual wage at the time of the injury then you may consider the evidence presented and determine the extent to which Plaintiff would have received raises due to years of

service, merit, promotions or general increases and the wages of workers. You may not consider raises which might have resulted from price inflation during those years, either through cost of living increases or otherwise. Second you may also consider fringe benefits, including insurance coverage, pension or retirement plans as compensation in each year.

Finally you should deduct from his annual amount only reimbursed expenses which would have been incurred in earning the future income. Those expenses might include transportation to work, uniforms and other such items.

You should calculate an amount of compensation for each future year during which the Plaintiff would have worked.

Once you have determined the lost annual compensation, if any, for each future year, totaling those annual figures would give you the approximate amount of loss future wages. However it is self-evident that if given sum now is worth more than a like sum payable in the future in installments and over an extended period. Giving some of the money now and maybe invest it into earned interest. Thus if you make an award for lost future earnings you must reduce each annual installment to its present value. This process is referred to as discounting to present value.

It is respectfully requested that the court instruct the jury in accord with Sand, Federal Jury Instructions, discounting methods.

<u>REVISED PROPOSED VERDICT SHEET</u>

With regard to the special verdict it is requested that the court submit to the jury a special verdict in this form.

1.    Has the Plaintiff has proven by a preponderance of the evidence that he was a seaman, that is, a member of the crew of the Rosemary Miller and that at the time of the accident

complained of he was acting in furtherance of his role as a member of the crew of the Rosemary Miller?

2.      Has the Plaintiff proven by a fair preponderance of the evidence that he had a sufficient connection to the Rosemary Miller to be considered a member of the crew and was performing the function of the Rosemary Miller at the time of the incident.

If you have answered no to either Question 1 or 2, you should proceed no further and report a verdict for the Defendant.  If you have answered yes to Question 1 or 2, then proceed as follows.

3.      Was the Plaintiff injured by a dangerous condition either that the Plaintiff created, or that he knew existed and in the proper exercise of his employment duties, should have controlled or protected against?  (Answer yes or no.)

If you have answered yes to Question 3, you should proceed no further and report a verdict for the Defendant.

If you have answered no to Question 3, then proceed as follows.

4.      Do you find that the Plaintiff has established by a preponderance of the evidence the elements of his claim of negligence under the Jones Act, which played any part, no matter how slight, in bringing about an injury to Plaintiff?  (Answer yes or no.)

If your answer is no to Question 4, you should proceed no further and report a verdict for the Defendant.

If you have answered yes to Question 4, then proceed as follows.

5.      If you find that the Plaintiff is entitled to recover, do you find that the Defendant has established its claim that Plaintiff himself was negligent and his negligence played a substantial part in bringing about his injury?  (Answer yes or no)

6.     If your answer to Question 5 is no, go to Question 7.  If your answer to Question 5 is yes, to what extent, stated in percentages, did Plaintiff's negligence contribute to bringing about his injury?  _____

7.     Do you find that Plaintiff is entitled to recover damages for:

a.     Loss of earnings?  (Yes or no.)

b.     If your answer is yes, in what amount?  _____

c.     Pain and suffering from the date of the accident to date, taking into account the nature and extent of the injuries?  (Answer yes or no.)

d.     If your answer is yes, in what amount?

e.     Future pain and suffering?  (Answer yes or no.)

f.     If your answer is yes, in what amount?  (Discount it to present value.)

_____

g.     Out-of-pocket expenses.  Answer no.

h.     If your answer is yes, in what amount discounted to present value? N/A

i.     What is the total amount of damages?  _____

Dated: New York, New York
April 18, 2013

Respectfully submitted,
MICHAEL A. CARDOZO,

By: _Thomas M. Hogg_
     Thomas M. Hogg, Jr.
Corporation Counsel of the
City of New York,
Attorney for Defendant,
100 Church Street, Room 4-213,
New York, New York 10007.
(212) 356-2688